■ DONNA MARSCHKE, as Administratrix of the Estate of RENE BERGERON, Deceased, Appellant, v CATHERINE CROSS et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Soden, J.), entered August 6, 1980 in Essex County, which granted plaintiff's motion to compel her former attorney to turn over her legal file upon condition his fee, fixed without a hearing, be paid or otherwise secured. Plaintiff discharged her former attorney because she was dissatisfied with his services. A hearing to determine whether he was discharged with or without cause, and if the latter, to determine the amount of his compensation, must be held. If a discharge for cause or misconduct is shown, than the outgoing attorney has no right to a fee nor to a retaining lien *(Matter of Weitling,* 266 NY 184; *Williams v Hertz Corp.,* 75 AD2d 766). If his discharge was without cause, the amount of his compensation is to be determined on a *quantum meruit* basis *(Matter of Shaad,* 59 AD2d 1061). Since plaintiff's intestate's injury action was not fully brought to conclusion prior to his discharge, the outgoing attorney is not entitled to compensation on the basis of the parties' contingent fee arrangement *(Govern & McDowell v McDowell & Walker,* 75 AD2d 979). Order reversed, on the law and the facts, with costs, and plaintiff's former attorney is directed to turn over his file to plaintiff's present attorneys forthwith; matter remitted to Special Term for a hearing to determine whether plaintiff's former attorney was discharged with or without cause, and if the latter, to determine the amount of his compensation, with payment to be deferred and made from the proceeds recovered from the injury action. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.