■ JANE A. KYLE, as Executrix of ARTHUR C. KYLE, JR., Deceased, et al., Plaintiffs, v DAVID A. KYLE et al., Defendants, and DAVID A. KYLE et al., Appellants. BOND, SCHOENECK & KING, Respondent. — Appeals (1) from that part of an order of the Supreme Court at Special Term (Shea, J.), entered January 26, 1982 in St. Lawrence County, which, *inter alia,* awarded the sum of $25,000 to Bond, Schoeneck & King as attorney's fees, and (2) from an order of said court, entered March 12, 1982 in St. Lawrence County, which, *inter alia,* denied appellant Kyle's motion to reargue or, in the alternative, to resettle the prior order, and granted so much of Bond, Schoeneck & King's cross motion as requested a priority as to its security interest and lien. During the course of litigation, appellant David Kyle (appellant) became dissatisfied with the representation he received from the law firm of Bond, Schoeneck & King (Bond) and discharged the firm by letter dated August 23, 1981. A dispute then arose over the counsel fees, if any, due Bond from appellant. Pursuant to an order to show cause dated December 10, 1981, and supporting papers, appellant, *inter alia,* moved to substitute the Clements Firm, P. C., as his attorneys of record. This matter came on for a hearing while David Kyle was in Florida. However, after Mr. Clements of the Clements Firm, P. C., contacted appellant by phone, it was agreed in open court between attorney FitzPatrick of Bond and Mr. Clements that the hearing would be waived on the issue of whether any counsel fees were due the Bond firm, and, if so, the amount of the fees, how they would be paid and security arrangements. It was agreed that these issues would be decided by the court based on the affidavits already submitted, on an itemized fee statement to be furnished by Bond, and on some additional comments made on appellant's behalf. The itemized fee statement was furnished soon thereafter. On January 10, 1982, Special Term rendered a decision which served as a basis for an order dated January 20, 1982 which, *inter alia,* substituted the Clements Firm, P. C., as counsel for appellant; awarded $25,000 (in addition to $5,000 already paid) to Bond as its fee; and imposed a lien on the proceeds of the underlying litigation and on any stock appellant may now or hereafter own in St. Lawrence Radio, Inc. Thereafter, on February 2, 1982, appellant made a motion for reargument, or in the alternative, to resettle the January 20, 1982 order. On February 23, 1982, Special Term, in an oral decision, denied appellant's motion because of the stipulation in which it was agreed that the decision of the court as to attorney's fees was to be based on evidence then before the court plus the itemized fee statement duly furnished by Bond. These appeals ensued. There should be an affirmance. Special Term, in making the award of attorney's fees to Bond, must have, at least by implication, first determined that Bond was not discharged for cause or misconduct. If the discharge is for cause or misconduct, the attorney has no right to a fee nor to a retaining lien (*Marschke v Cross,* 82 AD2d 944). The record submitted in the instant case supports the conclusion, implicit in Special Term's decision, that Bond was discharged without cause and is thus entitled to an award of counsel fees fixed on a *quantum meruit* basis (*Marschke v Cross, supra; Paulsen v Halpin,* 74 AD2d 990, 991). Appellant's contention that the award of $25,000 as counsel fees to Bond is excessive is not persuasive. Since Special Term's decision does not reveal on what basis the

court computed the $25,000 award of counsel fees (in addition to $5,000 already paid), this court may determine the reasonable value of attorney's fees in such circumstances (*Jordan v Freeman,* 40 AD2d 656) and does so here. "In general the court, in determining the justice and reasonableness of an attorney's claim for services, should consider the time spent, the difficulties involved in the matters in which the services were rendered, the nature of the services, the amount involved, the professional standing of the counsel, and the results obtained" (*Matter of Potts,* 213 App Div 59, 62, affd 241 NY 593). Bond states that a total of 439.50 hours were spent on the case until the August 23, 1981 termination of which 199.50 were rendered by partners, 2.00 by associates, and 238.00 by paralegals. The hourly rates varied from $45 for paralegals to $105 for Mr. FitzPatrick, the senior partner, who was apparently the supervising attorney in charge of conducting the litigation. Considering the criteria for fixing reasonable attorney's fees as applied to the instant litigation, we conclude the $25,000 awarded by Special Term to be reasonable and not excessive as claimed by appellant. Appellant's argument that Special Term improperly denied his motion to reargue (or renew) is not persuasive. He contends that this motion was in reality a motion to renew since new facts were presented. However, Special Term denied appellant's motion "because you agreed that the decision of the Court was to be based on the evidence that was in front of the Court". "It is well settled that parties may shape the facts upon which a cause will be determined by means of stipulations [citation omitted]. Moreover, such stipulations limiting the issues to be decided in a case will be enforced by the courts, and no issues other than those framed by the parties will be considered [citations omitted]" (*Salesian Soc. v Village of Ellenville,* 58 AD2d 711, mot for lv to app den 42 NY2d 810). Thus, in view of the stipulation of the parties in this regard, Special Term cannot be said to have abused its discretion in denying appellant's motion (see *Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684, 685). Finally, we have examined appellant's other claims of error and find them to be without merit. Orders affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.