■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCO NAVARRO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered May 18, 1981, convicting him of criminal sale of a controlled substance in the second degree and criminal sale of a

controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence as a second felony offender.

Judgment modified, on the law, by reversing the conviction of criminal sale of a controlled substance in the second degree under count one of the indictment and the convictions of criminal sale of a controlled substance in the third degree under counts two and three of the indictment, vacating the sentences imposed thereon, and new trial ordered on those counts. As so modified, judgment affirmed.

Defendant claimed he was induced to commit the sales by the undercover officer's conduct, which included a promise to help defendant move his family from a drug-infested neighborhood. The first sale took place before these alleged inducements and therefore could not have been the result of entrapment. However, it was error to conclude as a matter of law that these inducements would not have led a person not otherwise disposed to engage in the sales (Penal Law, § 40.05), or even that defendant was predisposed to engage in the later sales, which involved significantly larger sums of money ($100, $160 and $2,000). The court should have submitted the defense of entrapment to the jury as to the last three offenses, and its refusal to charge entrapment was error (*People v McGee,* 49 NY2d 48, cert den *sub nom. Waters v New York,* 446 US 942).

The court's instructions on reasonable doubt do not warrant reversal. Although an instruction to acquit "if * * * the scales are even" is misleading and should be avoided, the remainder of the charge clearly set forth the correct standard of reasonable doubt and eliminated any ambiguity (*People v Webb,* 97 AD2d 779). Defendant's remaining objections to the charge are without merit. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.