OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Through the introduction of the defendant’s statements to the undercover officer, the People presented a prima facie case that defendant arranged a meeting between the officer and a dealer in illegal licenses, that there was an illicit agreement constituting a felony, that defendant was very familiar with the workings of it and that the defendant intended to be paid for his referral. Once the prima facie case was established, the People could introduce the statements of the dealer to bolster other proof of the defendant’s membership in the conspiracy (People v Ardito, 86 AD2d 144, affd 58 NY2d 842; People v Sanders, 56 NY2d 51, 62; People v Berkowitz, 50 NY2d 333, 341; People v Salko, 47 NY2d 230, 240, remittitur amended 47 NY2d 1010; Barker, Evidence, 34 Syracuse L Rev 261, 289). Taken in the light most favorable to the People, this evidence was sufficient to submit the charge of conspiracy in the fifth degree to the jury (Penal Law § 105.05; People v Berkowitz, supra; People v Salko, supra; People v Rastelli, 37 NY2d 240, cert denied 423 US 995; cf. People v Ardito, supra; People v Malagon, 50 NY2d 954).
Furthermore, there is no substance to the defendant’s claim that the Trial Judge abused his discretion in electing not to charge entrapment. The defendant was neither actively induced to engage in criminal activity (see, e.g., People v Thompson, 47 NY2d 940; People v Mapp, 47 NY2d 939; People v Seale, 47 NY2d 923), nor was any evidence presented suggesting that the defendant had no predisposition to commit this crime (e.g., People v McGee, 49 NY2d 48, cert denied sub nom. Quamina v New York, 446 US 942; 1 CJI [NY] 40.05, at 924).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.