(May 14, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY FULLER, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered November 4, 1985, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for criminal sale of a controlled substance in the third degree as the result of his sale of a package containing cocaine to an undercover State Trooper for $10. A search of defendant's person incident to arrest upon a warrant disclosed a pouch containing items characterized by the police as "drug paraphernalia". Although properly demanded, the information concerning this material was not revealed to defense counsel until the time of trial (see, CPL 240.20 [1] [c], [e]). Following trial, a jury convicted defendant as charged and a sentence of 5 to 15 years' imprisonment was imposed. This appeal ensued.

Defendant's first argument is that County Court's refusal to charge the affirmative defense of entrapment was reversible error. Defendant sought to prove that he was induced by the officer to get cocaine for him because he was "sick" (suffering from an addict's withdrawal distress) and contends that a question of fact was raised as to each element of the affirmative defense of entrapment (see, Penal Law § 40.05), thereby entitling him to a jury charge on that defense. The prosecution contended, and the court agreed, that defendant failed to offer proof of inducement through the officer's misconduct, thereby failing to raise a question of fact as to the elements of the defense (see, e.g., People v Thompson, 47 NY2d 940). We disagree. Defendant's direct testimony was that the officer prevailed upon him to find something, to "[j]ust give it a try, I am sick * * * I [am] sick, man". Defendant and the officer then traveled around from place to place in the officer's car looking for someone with drugs and found a "dude" from Massachusetts from whom he obtained the drug. Defendant claims he immediately passed it over to the officer and simultaneously passed the money from the officer to the "dude".

The officer's version was that he was just driving around the City of Hudson with an informer in the automobile and stopped to engage in a conversation with defendant. He testified that defendant asked him what he was looking for and he responded "either some boy or some girl" (in drug parlance, "boy" means heroin and "girl" means cocaine). The officer did not recall the entire conversation but testified that defendant stated "he could get me some girl" and, in response to the question "what he was selling", stated "dimes" ("dimes" means a $10 purchase of cocaine). The officer testified that he "handed [defendant] a ten dollar bill and * * * in return, [defendant] passed [him] a packet of tinfoil that was ten dollars worth of cocaine, a dime". These circumstances prevailing, the conflict between the People's version of events and

that of defendant as to whether defendant was predisposed to commit the offense or was induced to do so by the officer's purported posturing as a fellow drug addict in need of a fix presented a question of fact for the jury *(see, People v McGee,* 49 NY2d 48, 61, *cert denied sub nom. Waters v New York,* 446 US 942). County Court should have submitted the defense of entrapment to the jury and its refusal to charge entrapment was error requiring reversal *(People v Navarro,* 104 AD2d 958).

We similarly find that County Court erred in permitting rebuttal testimony as to the result of a laboratory report showing the presence of cocaine in the pouch seized from defendant at the time of his arrest. Although counsel and the court agreed the result of a laboratory report was not to be mentioned, the court permitted the prosecution to recall the laboratory analyst as a rebuttal witness and introduce the positive test results into evidence. Defendant argues that this was improper rebuttal of his collateral testimony on cross-examination denying the use of cocaine during the week prior to his arrest. The prosecution contends that the evidence rebutted defendant's position that he did not deal in drugs. Since defendant admitted he used cocaine and since he was not charged with possession, any evidence of traces of cocaine in his pouch had little relevance to his predisposition to sell drugs. Having refused admission of such testimony on the direct case, County Court erred in permitting it on rebuttal *(see, People v Crandall,* 67 NY2d 111, 118).

We find defendant's remaining arguments to be without merit.

Judgment reversed on the law, and matter remitted to the County Court of Columbia County for a new trial. Main, J. P., Weiss, Mikoll and Harvey, JJ., concur.

Casey, J., dissents and votes to affirm in a memorandum. Casey, J. (dissenting). County Court did not err in refusing to charge the defense of entrapment, for no reasonable view of the evidence would permit a finding that defendant sold the cocaine to the undercover officer but was induced by the officer into doing so. The prosecution's version of the facts establishes that defendant voluntarily sold the cocaine to the officer, while defendant's version establishes that defendant acted as the officer's agent in the purchase of the cocaine from a third person. These conflicting versions presented questions of fact for the jury to resolve, but this record affords no basis for permitting the jury to construct a wholly artificial version

of the facts *(see, People v Scarborough,* 49 NY2d 364). Defendant either voluntarily sold cocaine to the officer or he acted as the officer's agent in the purchase of the cocaine from a third person, and County Court, therefore, properly charged the defense of agency and properly refused to charge entrapment.

County Court's admission into evidence of the rebuttal testimony was, at most, harmless error *(see, People v Crimmins,* 36 NY2d 230). The judgment of conviction should therefore be affirmed.