■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PILGRIM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered December 5, 1983, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree, and criminal sale of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following the reversal of his judgment of conviction rendered June 29, 1977 (Lockman, J.) *(see, People v Pilgrim,* 93 AD2d 461) the defendant was retried and reconvicted of the

same charges on December 5, 1983 (Harrington, J.). At his 1977 trial the defendant had raised the defenses of entrapment and agency, and had testified in his own behalf. At the retrial the defendant asserted an agency defense, but did not allege entrapment and did not testify. The prosecution presented essentially the same evidence as it had adduced initially, reading into the record a transcript of an inculpatory tape recording which had since been lost, as well as the testimony given by the defendant at the first trial. The defense counsel's objection to the reading of these transcripts was overruled. He also requested that the trial court's charge include an instruction with respect to the affirmative defense of entrapment, but that request was also denied.

There is no merit to the defendant's contention that he was prejudiced by the admission into evidence of a transcript of an incriminating tape recording which had been played at the first trial but which had been lost in the intervening six years. Officer Giglio, who had made the transcription, and former Assistant District Attorney Nigro, who had compared it with the tape introduced into evidence at the first trial in the course of his work on a prior appeal, were satisfied with its accuracy, as was Judge Lockman who, following an audibility hearing conducted during the 1977 proceedings, found the transcript to be sufficiently reliable for distribution to the jury as an aid in listening to the tape (see, People v Tapia, 114 AD2d 983). In addition, numerous witnesses testified that they searched for the original tape but were unable to locate it. Since "untrustworthiness had not been shown," and since there was no indication that the tape's "loss, destruction or unavailability was purposefully caused by the proponent in order to prevent the production of the primary evidence," the transcript was properly admissible (United States v Maxwell, 383 F2d 437, 442, cert denied 389 US 1057; Richardson, Evidence §§ 582-589 [Prince 10th ed]).

The defendant's claim of error in the denial of his request to charge the affirmative defense of entrapment is also without merit. At the outset, it should be noted that the defendant requested this charge only as to 2 of the 6 sales set forth in the indictment, viz., those occurring on October 26, 1976, and November 10, 1976. Since the defendant did not claim entrapment as to the sales on October 19, 20, and 21, 1976, his conviction of four counts of criminal sale of a controlled substance in the third degree would not be affected by the court's refusal to charge entrapment (see, People v Navarro, 104 AD2d 958).

Viewing the evidence in the light most favorable to the defendant, the court did not err in denying the request to charge entrapment as to the counts charging criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree. The threshold requirement entitling a defendant to a charge as to an affirmative defense such as entrapment is more demanding than that required for an ordinary defense such as agency *(see, People v Butts,* 72 NY2d 746, 749, n 1). There must be more than "some evidence" of inducement or encouragement and of overzealous or pressure methods by the police which create the substantial risk referred to in Penal Law § 40.05 *(People v Thompson,* 47 NY2d 940). The evidence must also show that the defendant had no predisposition to commit this crime *(People v Alwadish,* 67 NY2d 973; *People v McGee,* 49 NY2d 48, *cert denied sub nom. Quamina v New York,* 446 US 942). In this case, the evidence did not meet this threshold.

The undercover officer asked the defendant if he (the defendant) could "cop city quarters" to which the defendant replied "No problem". Simply asking the defendant to commit the crime is not such inducement or encouragement as to constitute entrapment *(see, United States v Berry,* 362 F2d 756). The mere fact that the officer afforded the defendant the opportunity to commit the crime cannot be characterized as entrapment *(see,* Penal Law § 40.05; *People v Thompson,* 47 NY2d 940). Furthermore, the defendant's ready response to the solicitation demonstrated a predisposition to commit the crime *(see, United States v Gantzer,* 810 F2d 349), nor is there any evidence in this record to show that the defendant was not predisposed to commit this crime *(see, People v Alwadish,* 67 NY2d 973, *supra; People v McGee,* 49 NY2d 48, *supra).* In sum, no matter how the record is cut and spliced, it does not contain sufficient evidence to warrant a charge on entrapment *(see, People v Butts,* 72 NY2d 746, *supra).*

We have considered the issues raised in the defendant's supplemental *pro se* brief and find them to be without merit. Bracken, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.