■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v A-1 CARTING Co., Appellant.—

The defendant corporation was indicted along with other refuse-carting companies and their principals on charges of conspiracy, coercion and violation of General Business Law § 340 following an investigation into the private sanitation industry on Long Island. The defendant contends that the declarations of coconspirators were improperly admitted into evidence at the trial. Under the circumstances of this case, we find that the court did not improvidently exercise its discre-

tion by permitting the prosecution to introduce, subject to connection, declarations of coconspirators *(see, People v Lakomec,* 86 AD2d 77, 81, n 3; *United States v Margiotta,* 688 F2d 108, *cert denied* 461 US 913). The statements made by the defendant's general manager and secretary-treasurer were properly admitted into evidence as admissions of the corporation and established prima facie proof of its participation in the conspiracy. Once the prima facie case of conspiracy was established, the hearsay declarations of the coconspirators were admissible *(see, People v Alwadish,* 67 NY2d 973; *People v Sanders,* 56 NY2d 51; *People v Salko,* 47 NY2d 230, *mot to amend remittitur granted* 47 NY2d 1010). The defendant's contention that the declarations were not made in furtherance of the conspiracy is without merit.

The defendant joined in a motion by its codefendants to suppress evidence obtained as a result of eavesdropping warrants. In an appeal by certain of these codefendants, the court determined that the suppression motion was properly denied *(People v Vespucci,* 144 AD2d 48, *affd* 75 NY2d 434). We find no reason to depart from that determination here.

In view of the evidence submitted at the trial of the defendant's complicity in the noncompetitive activities which formed the basis for the conviction of violation of General Business Law § 340, the court did not improvidently exercise its discretion in imposing the maximum fine under General Business Law § 341 to deter other corporations from engaging in similar activities harmful to the public at large.

The defendant's remaining contentions are without merit. Mollen, P. J., Mangano, Kooper and Sullivan, JJ., concur.