724

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAIL CARTING & RECYCLING CO., INC., ERNEST DEMATTEO and EDWARD DEMATTEO, Appellants.—

The defendant Edward DeMatteo purchased part of a refuse collection business in 1982 which his son, Ernest, then operated as Sail Carting & Recycling Company (hereinafter Sail Carting). Both DeMatteos and their corporation were indicted, following an investigation by the Attorney-General's Organized Crime Task Force into the private sanitation industry on Long Island.

Much of the evidence against the defendants was obtained through eavesdropping warrants. The defendants joined with their codefendants in a motion to suppress this evidence. The denial of that motion was affirmed on an appeal by the codefendants (People v Vespucci, 144 AD2d 48, affd 75 NY2d 434). We find no reason to depart from that determination. The defendants assert, as an additional ground for suppression, that misrepresentations were made to the issuing court which would have affected the finding that probable cause existed for granting several extensions of the initial eavesdropping warrant. We find this contention to be without support in the record and meritless (see, People v Tambe, 71 NY2d 492; Franks v Delaware, 438 US 154).

Edward DeMatteo's trial counsel had previously represented one of the prosecution's chief witnesses on unrelated civil matters. Although the court should have conducted an inquiry of that defendant on the record to determine if he was aware of the potential risks of continued representation by this attorney and had knowingly chosen such continued represen-

tation, the failure to do so does not require reversal of his conviction *(see, People v Lombardo,* 61 NY2d 97). The defendant Edward DeMatteo failed to establish that there was a significant possibility that a conflict of interest existed and that it affected the manner in which his defense was conducted *(see, People v Recupero,* 73 NY2d 877; *People v Alicea,* 61 NY2d 23).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendants' guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The evidence established that Ernest DeMatteo was involved in its daily operations of Sail Carting and joined with other carters in activities designed to restrain competition. Furthermore, the sentences imposed were not excessive.

The defendants' remaining contentions do not warrant reversal of their convictions *(see, People v A-1 Carting, Co.,* 158 AD2d 693 [decided herewith]). Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.