■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOT J. GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered March 10, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the case is remitted to the Supreme Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was indicted, *inter alia,* for knowingly and unlawfully selling cocaine to a person known to the Grand Jury while acting in concert with Harry Elting. The buyer was identified at trial as an undercover narcotics officer. Viewing the evidence in the light most favorable to the

prosecution *(see, People v Contes,* 60 NY2d 620), the testimony established that one of the three undercover officers present told Harry Elting that he wanted to purchase a one-half gram of cocaine. Elting offered to take the officers to someone who would be able to "take care" of them. Elting got into the unmarked police vehicle and directed the officers to an intersection, approximately one minute's drive away, where the defendant was standing on the corner. Once there, Elting got out of the car, walked approximately 50 feet over to the defendant, and engaged in animated conversation. After a few minutes, Elting extended his left hand, palm up, and the defendant took his right hand out of his pocket and placed something in Elting's left hand. Elting then returned to the unmarked vehicle, and displayed a quantity of cocaine to the undercover officer, indicating that he had obtained cocaine from the defendant. After the undercover officer suggested that the quantity looked like less than a one-half gram, Elting offered to take the officers to another seller located a short distance away. After a failed attempt to purchase cocaine at this other location, the officers agreed to purchase the original packet of cocaine for $40. Elting and the officers then drove back to the original location where the defendant was still standing. The officers parked their vehicle approximately 15 feet from where the defendant stood, Elting got out of the car, walked over to the defendant, and gave the defendant part of the $40.

The defendant was convicted based upon the testimony of the undercover officers, which included testimony regarding hearsay statements made by Elting. On appeal, the defendant argues that the hearsay statements should not have been admitted. We agree.

The hearsay testimony of a coconspirator can be admitted subject to the establishment of the prosecution's prima facie case that a conspiracy existed *(see, People v Alwadish,* 67 NY2d 973; *People v Sanders,* 56 NY2d 51). A prima facie case of basic conspiracy requires evidence that a person, with intent that conduct constituting a crime be performed, agrees with one or more persons to engage or cause the performance of such conduct *(see,* Penal Law § 105.00).

On the record before us we find that, without recourse to the hearsay statements, the testimony regarding the actions of the defendant was insufficent to establish a prima facie case of conspiracy between the defendant and Elting. Hence, the hearsay statements were improperly admitted into evidence *(see, People v Alwadish, supra).*

In view of the foregoing, we find it unnecessary to reach the defendant's remaining contentions. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.