■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO VINA, Appellant. [597 NYS2d 716] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 31, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal sale of a controlled substance in the third degree for having sold crack cocaine to an undercover police officer on a street corner. Contrary to the defendant's contention on appeal, the court properly refused to charge the jury on the affirmative defense of entrapment, since no reasonable view of the trial evidence indicates that the defendant was actively induced or encouraged to sell the drugs or that he had no predisposition to do so *(see,* CPL 40.05; *People v Butts,* 72 NY2d 746; *People v Alwadish,* 67 NY2d 973).

The fact that the undercover officer twice asked the defendant whether he was "working" shows only that the officer

afforded the defendant an opportunity to commit the crime *(see,* CPL 40.05). It does not establish the inducement or encouragement necessary to support an entrapment defense *(see, People v Butts, supra; People v Pilgrim,* 154 AD2d 407). Furthermore, the defendant's quick response to the officer's second inquiry negates his assertion that he was not otherwise disposed to make the sale *(see, People v Pilgrim, supra).*

Because he failed to raise an objection to the presentence report at sentencing, the defendant's present claim that it was incomplete is unpreserved for appellate review *(see, People v Blas,* 192 AD2d 540; *People v Thompson,* 186 AD2d 294), and we decline to review it in the exercise of our interest of justice jurisdiction.

The defendant's sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). Bracken, J. P., Rosenblatt, Pizzuto and Santucci, JJ., concur.