■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN DEJESUS, Appellant. [631 NYS2d 659] —Judgment, Supreme Court, Bronx County (George Covington, J.), rendered May 19, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 12$\frac{1}{2}$ to 25 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentences

on the convictions to concurrent terms of 5 to 10 years, and otherwise affirmed. The matter is remitted to Supreme Court, Bronx County for further proceedings pursuant to CPL 460.50 (5).

The trial court properly declined to charge entrapment, since defendant failed to set forth evidence, viewed in the light most favorable to him, to support that affirmative defense sufficiently. As stated in *People v Brown* (82 NY2d 869, 871), defendant had the burden of showing by a preponderance of the evidence that "(1) he was actively induced or encouraged to commit the offense by a public official; and (2) such inducement or encouragement created a 'substantial risk' that the offense would be committed by defendant who was not otherwise disposed to commit it". While defendant's testimony, in diverging from the People's version of the event, created an issue of fact for the jury with respect to the first branch of the required showing (*see, People v Speros*, 186 AD2d 434; *People v Fuller*, 130 AD2d 840; *cf., People v Vina*, 193 AD2d 770, *lv denied* 82 NY2d 760), he failed to present *any* evidence to show his lack of a predisposition to commit the crimes charged. Indeed, defendant's admitted drug use is a circumstance that has been found relevant to the willingness to participate in a drug transaction (*see, People v Caballero*, 160 AD2d 810, *lv denied* 76 NY2d 785, *vacated on other grounds* 217 AD2d 704).

Contrary to defendant's contention, *People v Torres* (185 AD2d 257, *lv denied* 80 NY2d 977) does not suggest a different result. In *Torres*, which was a prosecution for criminal sale of a controlled substance in the first degree, there was testimony from both detectives on the case that they had never before heard either that defendant was a drug seller or that he possessed large quantities of drugs; in addition, there was detailed testimony that defendant had purchased small amounts for his personal use only.

Where the third degree possession count for which defendant was convicted is not a lesser included offense of the sale count for which he was convicted, dismissal of the possession count is not required.

Under the circumstances herein, the sentences were excessive to the extent indicated. Concur—Wallach, J. P., Kupferman, Ross, Nardelli and Tom, JJ.