■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND C. JAMES, Appellant. [665 NYS2d 153] —Judgment unanimously affirmed. Memorandum: Supreme Court did not err in denying the request of defendant to instruct the jury in its charge on entrapment that, in finding whether two undercover officers "induced or encouraged" him to sell cocaine, the jury should consider that "[i]n some circumstances, pleas to a defendant, based on sympathy or friendship, may * * * exert pressure on a defendant" (1 CJI[NY] 40.05). Penal Law § 40.05 requires a showing "both that the proscribed conduct was 'induced or encouraged' by official activity and that the defendant had no predisposition to engage in such conduct" (*People v Butts*, 72 NY2d 746, 750-751). There is no reasonable view of the evidence that the undercover officers "induced or encouraged" defendant to sell cocaine to them based upon an appeal to sympathy or friendship (Penal Law § 40.05; *see generally, People v Brown*, 82 NY2d 869, 870-871; *People v Redden*, 181 AD2d 1016, 1017, *lv denied* 79 NY2d 1053). Defendant's reliance upon *People v Fuller* (130 AD2d 840) to support the contention that defendant was entitled to the charge is unavailing. In *Fuller (supra*, at 841), defendant testified that the undercover officer posed as a fellow drug addict in need of a fix, pleading with defendant "to find something, to '[j]ust give it a try, I am sick * * * I [am] sick, man'." Here, defendant testified that the officers requested the cocaine only because "they wanted to get high." (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Callahan, Doerr and Boehm, JJ.

■ In the Matter of the Estate of EVELYN A. STOCK, Deceased. MARY M. STOCK, Appellant; HANCOCK & ESTABROOK, L. L. P., Respondent. [668 NYS2d 119] —Order unanimously affirmed without costs. Memorandum: Surrogate's Court properly denied petitioner's request to disallow legal fees for respondent law firm. The record amply supports the court's implicit finding that respondent was not discharged for cause (*see, Kyle v Kyle*, 94 AD2d 866, *lv denied* 60 NY2d 557; *see also, Teichner v W & J Holsteins*, 64 NY2d 977, 978; *Marschke v Cross*, 82 AD2d 944). (Appeal from Order of Onondaga County Surrogate's Court, Wells, S.—Attorney's Fees.) Present—Pine, J. P., Hayes, Callahan and Doerr, JJ.