■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. MAY, Appellant. [831 NYS2d 797]—

Appeal from a judgment of the Wyoming County Court (Mark H. Dadd, J.), rendered May 12, 2005. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree (three counts) and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted on counts one, two, three and five of the indictment.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of promoting prison contraband in the first degree (Penal Law § 205.25 [2]) and one count of criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject the contentions of defendant that the evidence is legally insufficient to establish the element of intent with respect to the conviction of criminal possession of a weapon in the third degree (*see People v Duran*, 6 AD3d 809, 811 [2004], *lv denied* 3 NY3d 639 [2004]), and the evidence is legally insufficient to establish his knowing and unlawful possession of three items of dangerous contraband with respect to the conviction of promoting prison contraband in the first degree (*see People v Mendoza*, 244 AD2d 815 [1997], *lv denied* 91 NY2d 943 [1998]). We agree with defendant, however, that reversal is required because County Court erred in denying defendant's request to charge the affirmative defense of entrapment (*see* Penal Law § 40.05). A correction officer testified that he agreed to obtain a television set for defendant in exchange for information concerning weapons in the correctional facility where defendant was an

inmate, and the correction officer further proposed that defendant could turn over a weapon to him as a "show of good faith." When defendant later handed a weapon to the correction officer, the correction officer told him that he wanted more information and that "this is the beginning." The correction officer arranged for defendant to pick up his television set the following day. A short time thereafter, other correction officers searched defendant's cell and discovered the three homemade weapons underlying the conviction herein. In our view, "the evidence adduced at trial reasonably and sufficiently supports an inference that '(1) [defendant] was actively induced or encouraged to commit the offense by a public official; and (2) such inducement or encouragement created a "substantial risk" that the offense[s] would be committed by defendant who was not otherwise disposed to commit [them]' " (*People v Delaney*, 309 AD2d 968, 970 [2003], quoting *People v Brown*, 82 NY2d 869, 871 [1993]). The court therefore should have granted defendant's request to charge the affirmative defense of entrapment (*see generally People v Fuller*, 130 AD2d 840, 841-842 [1987]; *People v Navarro*, 104 AD2d 958, 959 [1984]). Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.