People v Ashley (2020 NY Slip Op 08117)





People v Ashley


2020 NY Slip Op 08117


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-04458
 (Ind. No. 69/18)

[*1]The People of the State of New York, respondent,
v
Ceasar J. Ashley, appellant.


Thomas T. Keating, Dobbs Ferry, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kristen A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered February 8, 2019, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and sentencing him, inter alia, to concurrent determinate terms of eight years imprisonment, followed by two years postrelease supervision, on the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, to run consecutively with a determinate term of four years imprisonment, followed by two years postrelease supervision, on the conviction of criminal possession of a controlled substance in the fourth degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.
On January 25, 2018, a confidential informant working with law enforcement officials purchased a narcotic drug from the defendant. On January 27, 2018, members of law enforcement executed a search warrant at the defendant's residence, and recovered, inter alia, a substance, containing a narcotic drug, which was of an aggregate weight of one-eighth ounce or more. After a jury trial, the defendant was convicted of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree, and criminally using drug paraphernalia in the second degree, and was sentenced, inter alia, to concurrent determinate terms of eight years imprisonment, followed by two years postrelease supervision, on the convictions of criminal sale of a controlled substance in the third degree and [*2]criminal possession of a controlled substance in the third degree, to run consecutively with a determinate term of four years imprisonment, followed by two years postrelease supervision, on the conviction of criminal possession of a controlled substance in the fourth degree.
Contrary to the defendant's contention, defense counsel was not ineffective in failing to request a Darden hearing (see People v Darden, 34 NY2d 177; People v Crooks, 27 NY3d 609, 611; see also People v Nellons,187 AD3d 1574, 1575).
The County Court properly declined the defendant's request to charge the jury with the affirmative defense of entrapment since no reasonable view of the evidence supported that defense (see Penal Law § 40.05; People v Butts, 72 NY2d 746, 750; People v Mazarigos, 76 AD3d 533, 534; People v Pilgrim, 154 AD2d 407, 409). Contrary to the defendant's contention, the evidence demonstrated that the confidential informant merely afforded the defendant the opportunity to commit the subject offense, which, standing alone, was insufficient to warrant an entrapment charge (see People v Brown, 82 NY2d 869, 871-872; People v Mazarigos, 76 AD3d at 534).
We disagree with the County Court's finding that Miranda warnings (see Miranda v Arizona, 384 US 436), were not required when a police officer, during the execution of a search warrant for the suspected presence of fentanyl in the defendant's apartment, and after the defendant had been placed in handcuffs, asked the defendant to identify the location of the fentanyl (see New York v Quarles, 467 US 649, 657-659). Accordingly, the court erred in failing to suppress the defendant's statement made in response to the officer's question. Moreover, the court erred in failing to suppress certain statements made by the defendant at police headquarters, since prior to, and during, the reading of the Miranda warnings, the defendant repeatedly stated, in effect, that he had nothing to say, but nonetheless, the officers continued to read the warnings and questioned the defendant thereafter. Nevertheless, because proof of the defendant's guilt, without reference to the erroneously admitted statements, was overwhelming, and there is no reasonable possibility that the errors might have contributed to the defendant's conviction, the errors were harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237). Similarly, to the extent that the Supreme Court permitted a police witness to give generalized opinion testimony regarding drug paraphernalia, any such error was harmless (id.).
The sentence imposed was excessive to the extent indicated herein (see CPL 470.15[6][b]; People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review.
DILLON, J.P., MILLER, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court