■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY J. WOOD, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly charged the jury how to decide whether defendant's oral statement to the police was voluntarily made and whether defendant was in custody when he spoke *(see,* CPL 710.70 [3]; *People v Graham,* 55 NY2d 144). The court also properly denied defendant's motion to suppress the statement. The court's finding that defendant was not in custody is entitled to great weight *(see, People v Leonti,* 18 NY2d 384, 390, *cert denied* 389 US 1007) and is supported by the record *(see, People v Yukl,* 25 NY2d 585, 588, *cert denied* 400 US 851). The gun was properly seized in plain view *(see, Horton v California,* 496 US 128) following the police entry into the apartment upon consent of the tenant in control *(see, People v Cosme,* 48 NY2d 286, 290-292). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Weapon, 3rd Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO COLON, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the trial court erred in denying his request to charge the jury on the law of entrapment. Viewing the evidence in the light most favorable to defendant, we find that there was insufficient evidence to demonstrate that defendant was improperly induced to engage in any criminal act for which he lacked a predisposition *(see, People v Butts,* 72 NY2d 746; *People v Alwadish,* 67 NY2d 973, 974; *People v Thompson,* 47 NY2d 940, 941; *People v Pilgrim,* 154 AD2d 407, *lv denied* 75 NY2d 816; *People v Beverly,* 148 AD2d 922, *lv denied* 74 NY2d 661).

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Lowery, JJ.