■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD LITTLES, Appellant. [595 NYS2d 463] —Judgment, Supreme Court, New York County (Murray Mogel, J., at hearings; Alfred H. Kleiman, J., at trial), rendered July 18, 1989, convicting defendant, after a jury trial, of grand larceny in the fourth degree and two counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

On appeal in this wallet-snatch prosecution, defendant urges that his Rosario rights (People v Rosario, 9 NY2d 286, cert denied 368 US 866) were violated by the People's failure to produce the arresting officer's complaint report (the so-called "UF-61"). Ordinarily, this document would contain, if furnished, the complainant's description of the perpetrator. Concededly, such evidence would only be pertinent to possible impeachment of the larceny count, and even then only tan-

gentially, inasmuch as the victim's description was meager and she was unable to identify defendant at trial.

We find no reason to disturb the finding of the suppression hearing court *(People v Prochilo,* 41 NY2d 759) that in this case no UF-61 was ever prepared and the allegedly "missing" document never came into existence. Of course, when *Rosario* material exists, the People have a duty to preserve it *(People v Martinez,* 71 NY2d 937); however, the People have no affirmative duty to create such material *(People v Steinberg,* 170 AD2d 50, 76, *affd* 79 NY2d 673). Because we are satisfied that the material was never generated, there was in fact no *Rosario* violation, and no sanction at trial was therefore required. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.