■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETE MINOTT, Also Known as PETER MINOTT, Also Known as PETER MINNOT, Appellant. [617 NYS2d 160] —Judgment, Supreme Court, New York County (Richard Failla, J.), rendered December 13, 1989, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree, and sentencing him to concurrent terms of 10 to 20 years, unanimously affirmed.

The court properly limited the scope of the *Wade* hearing, since the subject witness, who was the superintendent of the building in which defendant's family had resided for several years *(see, People v Collins,* 60 NY2d 214), established a long familiarity with the defendant *(People v Gissendanner,* 48 NY2d 543, 552; *People v Tas,* 51 NY2d 915), a fact which is not seriously controverted by the defendant *(compare, People v Rodriguez,* 79 NY2d 445). The Grand Jury testimony was competent evidence to establish this fact *(People v Vargas,* 118 Misc 2d 477), and it established the prior familiarity overwhelmingly *(compare, People v Rodriguez, supra).* Defendant failed to preserve the present claim that the court should have permitted counsel to examine the witness on this issue during trial, out of the presence of the jury *(see, People v Vargas, supra),* which remedy, in any event, is not required.

The prosecutor erred in failing to seek an advance ruling to supplement the *Molineux* ruling, or failing to direct her witness to refrain from alluding to the challenged prior bad act of defendant's. However, considering that the trial court had indicated that it would have permitted the testimony, the curative effect of the court's final instructions, and the lack of

any indication that the prosecutor had withheld this information at the time of the *Ventimiglia* hearing, we find no basis to conclude that the court abused its discretion in denying the motion for a mistrial. Defendant's *Rosario* claim in this regard is both unpreserved and without merit. The witness' statement to the prosecutor on the eve of trial was neither written nor recorded *(see, People v Steinberg,* 170 AD2d 50, 76, *affd* 79 NY2d 673) and a prosecutor is not required to record a witness' statements *(People v Littles,* 192 AD2d 314, *lv denied* 81 NY2d 1016).

Finally, while the prosecutor overstepped the court's directive in summation, we find the error to have been harmless. Concur—Ellerin, J. P., Kupferman, Asch, Nardelli and Tom, JJ.