OPINION OF THE COURT
Richard L. Buchter, J.
As part of a motion in limine the issue presented is whether the notice requirements of CPL 710.30 apply to evidence offered solely pursuant to People v Molineaux (168 NY 264).
The relevant facts are as follows:
On January 23, 2002 the defendant was arrested while allegedly driving a stolen vehicle in Queens County. The defendant was in possession of the car keys and there were no apparent indicia of theft. Thereafter, the defendant was indicted *715 in Queens for the crimes of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree and various other charges.
In order to establish that the defendant knew that the vehicle was, in fact, stolen property, as part of a pretrial Molineux application, the People now seek permission to call a witness to testify that the defendant was the individual who stole the car from him during a robbery in Brooklyn four days prior to the defendant’s arrest in Queens. The witness subsequently identified the defendant as the perpetrator of the robbery at a lineup held in Brooklyn.
Despite being aware of the Brooklyn case and the subsequent lineup identification therein, the People failed to serve notice pursuant to CPL 710.30 (1) (b) in the instant case. Based upon the foregoing, defense counsel seeks to preclude any identification testimony by the witness of the defendant on the grounds that the People did not serve notice of their intention to offer identification evidence. The question presented, therefore, is whether such notice must be served in a case where the People seek to offer evidence limited to proof of another crime to establish one or more elements of the crime charged.
CPL 710.30 provides in pertinent part as follows:
“1. Whenever the People intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible * * * or (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.
“2. Such notice must be served within fifteen days after arraignment and before trial * * *
“3. In the absence of service of notice upon a defendant as prescribed in this section, no evidence of a kind specified in subdivision one may be received against him upon trial * * * .”
Under the facts of the instant case, it is clear that the witness’ observation of the defendant during the taking of the vehicle is an occasion relevant to the case, as it is evidence that tends to establish that the defendant knew the vehicle was *716 stolen and that he did not have permission of the owner to drive it. Since the witness has previously identified the defendant at the lineup in Brooklyn, notice would appear to be required in the Queens case by the unambiguous language of the statute. Thus the issue herein becomes whether evidence admitted solely under Molineux should be recognized as one of the exceptions to the statutory notice requirement.
Courts have carved out certain limited exceptions to the notice requirement of CPL 710.30 (1) (b). For example, where the identification was by chance and not police arranged (People v Medina, 111 AD2d 190, lv denied 65 NY2d 984; People v Black-man, 110 AD2d 596, lv denied 65 NY2d 813); or where there was a confirmatory viewing of the defendant by an undercover officer shortly after a narcotics buy (People v Gissendanner, 48 NY2d 543); or where the parties are sufficiently well known to each other (People v Tas, 51 NY2d 915; People v Minott, 208 AD2d 395, lv denied 84 NY2d 1013).
The court notes that in all the above instances the likelihood of police engendered suggestiveness tainting an identification is highly remote. However, in the present situation, where a stranger to the defendant views a police arranged lineup a considerable time after the incident, it is clear that due process considerations relating to improper suggestiveness remain highly relevant. (Manson v Brathwaite, 432 US 98; United States v Wade, 388 US 218; Stovall v Denno, 388 US 293.)
In like situations, it is well established that “The admission of in-court identifications without first determining that they were not tainted by * * * [illegality] but were of independent origin was constitutional error” (Gilbert v California, 388 US 263, 272, citing United States v Wade, supra).
Based upon the foregoing and the clear language of the statute, this court holds that CPL 710.30 (1) (b) is applicable to identification testimony being offered pursuant to the Molineux doctrine, so as to ensure constitutional due process.
The court further holds that under the same reasoning, where a defendant’s statement or confession to a public servant relating to another crime is sought to be used by the People under the Molineux doctrine, CPL 710.30 (1) (a) would likewise apply.
Here again, constitutional considerations would mandate a pretrial hearing and thus trigger the notice requirement. As the Court of Appeals has held:
“[I]t has come to be accepted that the requirement *717 for voluntariness of confessions, though heavily influenced by the privilege against self incrimination * * * , is essentially a matter of due process.
It is basic that ours is an accusatorial and not an inquisitional system — a system in which the State must establish guilt by evidence independently and freely secured and not by coercion prove its charge against an accused out of his own mouth.” (People v Anderson, 42 NY2d 35, 37 [internal quotation marks omitted].)
Therefore, it would be equally violative of due process for the People to offer a statement of the defendant admitting culpability for an uncharged crime on the direct case to establish the defendant’s guilt on the crime charged without a prior determination of whether the statement was taken under constitutionally acceptable circumstances. (Harris v New York, 401 US 222; People v Walker, 67 NY2d 776.)
Based upon the foregoing, this court precludes the introduction of identification testimony by the witness, due to the People’s failure to provide the requisite CPL 710.30 (1) (b) notice.