■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HERNANDEZ, Appellant. [806 NYS2d 589]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered March 5, 2004, convicting defendant, after a jury trial, of murder in the second degree (two counts), rape in the first degree, and rape in the third degree, and sentencing

him, as a second felony offender, to an aggregate term of 40 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress his statements to police. The record supports the court's finding that none of the statements he made prior to receiving *Miranda* warnings was custodial (*see Oregon v Mathiason*, 429 US 492, 495 [1977]). The test of whether an interrogation is custodial is what a reasonable person in the defendant's position, innocent of any crime, would have thought (*People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *see also Thompson v Keohane*, 516 US 99, 112 [1995]).

Defendant voluntarily accompanied the police to the precinct, and throughout the time that preceded *Miranda* warnings the police did not use handcuffs or any other means of restraint, and they left defendant alone in an unlocked interview room for significant periods of time (*see e.g. People v Centano*, 76 NY2d 837 [1990]; *People v Ingram*, 19 AD3d 101, 102 [2005], *lv denied* 5 NY3d 806 [2005]). Any requests that he had for food, drink, and bathroom breaks were granted.

At the time defendant made the first statement that he contends should have been preceded by *Miranda* warnings, he had been questioned for about two hours (*see People v Yukl*, 25 NY2d at 590-592). The fact that a detective accused defendant of lying, told him that his fingerprints had been found near the scene of the crime, and stated his intention to continue the interview did not convert the situation into custody (*see Matter of Kwok T.*, 43 NY2d 213, 219-220 [1977]; *People v Rivera*, 7 AD3d 358 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Spellman*, 168 AD2d 318, 319 [1990], *lv denied* 77 NY2d 1001 [1991]). The detective did nothing to convey to defendant that he was under restraint, and defendant made this statement as the detective was leaving the room.

At the time defendant made the second statement that he claims should have been preceded by *Miranda* warnings, he had been questioned for almost five hours. However, "[e]ven an interview of extended duration at a police station is not necessarily a custodial interrogation" (*People v Centano*, 153 AD2d 494, 495 [1989], *affd* 76 NY2d 837 [1990]; *see also People v Wright*, 188 AD2d 272 [1992], *lv denied* 81 NY2d 978 [1993]). Part of the delay was caused by a false story which defendant told the police and which the police investigated (*see People v Bryant*, 71 AD2d 564, 565 [1979], *affd* 50 NY2d 949 [1980], *cert denied* 449 US 958 [1980]). The questioning was not continuous (*see e.g. People v Wright*, 188 AD2d at 272), and, as noted, there were significant intervals in which the police left defendant alone and unguarded.

Considering all the circumstances, we also find that defendant's statements were voluntarily made, even though 12 hours elapsed between the time defendant went to the precinct and the time he made his last statement (*see People v Lang*, 226 AD2d 245 [1996], *lv denied* 88 NY2d 967 [1996]). Unlike *People v Anderson* (42 NY2d 35 [1977]), which involved a longer detention, defendant was permitted to sleep and eat, and he was not continuously questioned.

The court properly imposed consecutive sentences for the convictions of depraved-indifference murder and rape, since the rape was not the reckless conduct upon which the depraved-indifference murder conviction was based.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Concur—Mazzarelli, J.P., Friedman, Williams, Gonzalez and Sweeny, JJ.