■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN COLON, Also Known as RAFAEL JUAN COLON, Appellant. [864 NYS2d 14]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered April 22, 2004, convicting defendant, after a jury trial, of two counts of murder in the first degree, and sentencing him to concurrent terms of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress statements. The People established that the statements defendant made prior to *Miranda* warnings were not the product of custodial interrogation, because a reasonable innocent person in defendant's position would not have thought he was in custody (*see People v Centano*, 76 NY2d 837 [1990]; *People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Defendant voluntarily accompanied the police to the precinct, where he was expressly told he was not under arrest and was free to leave. Although he remained there over an extended period of time and was questioned with increasing intensity, he was never handcuffed or otherwise restrained, he was left alone and unguarded in an unlocked interview room for significant periods of time, and he was permitted to go to the bathroom unescorted (*see e.g. People v Hernandez*, 25 AD3d 377, 379 [2006], *lv denied* 6 NY3d 834 [2006]). The fact that the police expressed skepticism about defendant's story did not render the questioning custodial (*see People v Dillhunt*, 41 AD3d 216 [2007], *lv denied* 10 NY3d 764 [2008]). "Even a clear statement from an officer that the person under interrogation is a prime suspect is not, in itself, dispositive of the custody issue, for some suspects are free to come and go until the police decide to make an arrest" (*Stansbury v California*, 511 US 318, 325 [1994]). Furthermore, it was defendant who initiated the conversation with a detective, whom he knew from the neighborhood, in which he first admitted having had sex with the elderly victim on the day of the murder. The detective immediately stopped the conversation and, after *Miranda* warnings were administered, defendant waived his rights and gave a written statement implicating himself in the murder.

Following a 6$^{1/2}$-hour break, and after readministration of warnings, defendant made a videotaped confession to two assistant district attorneys. The evidence also supports the hearing court's finding that the videotaped statement was sufficiently attenuated from the earlier police questioning to remove any possible taint arising from any prior constitutional violation, and render the videotape independently admissible (*see People v Paulman*, 5 NY3d 122, 130-134 [2005]).

Although defendant would have been entitled to a jury charge on the issue of the voluntariness of his pre-*Miranda* precinct statements (*see People v Cefaro*, 23 NY2d 283, 288-289 [1968]), defense counsel withdrew the request for such a charge after the court declined to give a voluntariness charge with respect to the videotaped statement. We find that, under the circumstances, the trial court correctly declined the request because

the trial evidence did not raise an issue of fact for the jury as to whether the videotaped statement was voluntarily given after a clear break in questioning (*see id.*). In any event, there is no reasonable possibility that, had it been instructed on the issue of voluntariness, the jury would have found the videotaped statement, or any of defendant's other statements, to be involuntary. Concur—Lippman, P.J., Tom, Williams, McGuire and Freedman, JJ.