■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SEMRAU, Appellant. [908 NYS2d 487]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered September 4, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (four counts), burglary in the first degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, four counts of murder in the second degree (Penal Law § 125.25 [1], [3]), arising from the bludgeoning of an elderly couple in their home. Contrary to the contention of defendant, County Court properly refused to suppress statements that he made to the police in September 2006. The court determined that defendant was not in custody when he made those statements and thus, contrary to the contention of defendant, the fact that he had not been Mirandized when he made the statements does not require their suppression. It is well settled that, "where there are conflicting inferences to be drawn from the proof, the choice of inferences is for the trier of the facts[, a]nd that choice is to be honored unless unsupported, as a matter of law" (*People v Leonti*, 18 NY2d 384, 390 [1966], *rearg denied* 19 NY2d 633 [1967], *mot to amend remittitur granted* 19 NY2d 922 [1967], *cert denied* 389 US 1007 [1967]; *see generally People v Wood*, 175 AD2d 637 [1991], *lv denied* 79 NY2d 834 [1991]). Here, the record of the suppression hearing establishes that defendant voluntarily accompanied the police to the police station and was not handcuffed prior to making the statements (*see People v Towsley*, 53 AD3d 1083, 1084 [2008], *lv denied* 11 NY3d 795 [2008]; *People v Regan*, 21 AD3d 1357, 1358 [2005]), he was provided food, beverages and use of the bathroom (*see People v Dozier*, 32 AD3d 1346 [2006], *lv dismissed* 8 NY3d 880 [2007]; *People v Hernandez*, 25 AD3d 377, 378 [2006], *lv denied* 6 NY3d 834 [2006]), and the questioning was investigatory rather than accusatory (*see People v Murphy*, 43 AD3d 1276, 1277 [2007], *lv denied* 9 NY3d 1008 [2007]; *People v Flecha*, 43 AD3d 1385, 1385-1386 [2007], *lv denied* 9 NY3d 990 [2007]). Thus, there is ample support for the court's determination that defendant was not in custody when he made the statements in question.

Defendant failed to preserve for our review his further contention that the verdict is inconsistent inasmuch as he failed to raise that contention before the jury was discharged (*see People v Camacho*, 70 AD3d 1393 [2010], *lv denied* 14 NY3d 886 [2010]; *People v Griffin*, 48 AD3d 1233, 1234 [2008], *lv denied* 10 NY3d

840 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the contention of defendant that defense counsel's failure to raise that contention before the jury was discharged constituted ineffective assistance of counsel (*see generally People v Carter*, 7 NY3d 875, 876-877 [2006]). Defendant failed to meet his burden of demonstrating " 'the absence of strategic or other legitimate explanations' for [defense] counsel's' " failure to do so (*People v Benevento*, 91 NY2d 708, 712 [1998]).

Contrary to defendant's further contention, there was no *Rosario* violation. "There is no requirement that a prosecutor record in any fashion his [or her] interviews with a witness. If the prosecutor chooses to do so, *Rosario* and its progeny require that the recording be furnished to the defense. But nothing in the *Rosario* line of cases in any way imposes an obligation on the prosecutor to create *Rosario* material in interviewing witnesses. Nor do these cases or any related authority hold that a defendant's right of cross-examination is unfairly frustrated by the failure to record the witness's statement" (*People v Steinberg*, 170 AD2d 50, 76 [1991], *affd* 79 NY2d 673 [1992]; *see People v Littles*, 192 AD2d 314 [1993], *lv denied* 81 NY2d 1016 [1993]).

Defendant's contention that the conviction is not supported by legally sufficient evidence because the testimony of the accomplice was not sufficiently corroborated is without merit. "The corroborative evidence need not show the commission of the crime; it need not show that defendant was connected with the commission of the crime . . . It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth" (*People v Dixon*, 231 NY 111, 116 [1921]; *see People v Reome,* 15 NY3d 188, 191-192 [2010]). Here, there was abundant corroboration of the testimony of the accomplice, including the testimony of a witness to whom defendant sold some of the property taken during the crime (*see People v Brown*, 62 AD3d 1089, 1091 [2009], *lv denied* 13 NY3d 742 [2009]), police testimony establishing that an earring that was stolen during the burglary was found in defendant's apartment (*see People v Spencer*, 272 AD2d 682, 684 [2000], *lv denied* 95 NY2d 858 [2000]), the testimony of witnesses stating that they observed the accomplice while he was acting as a lookout, and defendant's recorded tacit admission to the crimes. Furthermore, the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is also otherwise

legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We have considered the remaining contentions of defendant, including those raised in his pro se supplemental brief, and conclude that they are without merit. Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.