OPINION OF THE COURT
Hancock, Jr., J.
The dispositive question in this appeal is whether the evi *748 dence at trial reasonably supported defendant’s request for a jury charge on the affirmative defense of entrapment. The defendant was convicted, after a jury verdict, of making four separate sales of cocaine. The Trial Judge denied defendant’s request for an entrapment charge on the first three sales and granted it as to the last. The Appellate Division, relying on decisions of various Federal Courts of Appeals (see, e.g., United States v Dorta, 783 F2d 1179; United States v Rey, 706 F2d 145; United States v Mayo, 705 F2d 62; Sylvia v United States, 312 F2d 145), affirmed on the ground that defendant’s testimonial denial that he made the first three sales precluded him from pleading the inconsistent entrapment defense as to them. While we reject the rule applied by the court below, we nevertheless affirm for the reasons which follow.
The People presented testimony showing that defendant, a security guard at a public junior high school in Manhattan, made a total of four sales of cocaine to two different undercover officers — each posing as an employee of the Board of Education — during a three-day period in May 1985. Testifying in his own defense, defendant admitted the fourth sale but flatly denied the first three. He claimed that Detective Donawa had asked him to obtain cocaine on five or six separate occasions, that he refused the detective’s request each time but the last, and that he obliged the detective on that occasion but solely as a favor to a friend. Defendant also testified that Officer Lewis, the other undercover officer, had approached him on several occasions but that he denied her request each time.
On this appeal, defendant contends that the trial court’s refusal to give a jury charge on entrapment as to the first three sales was error because, first, a defendant’s denial that he committed a crime does not, without more, preclude a charge on the affirmative defense of entrapment and, second, the evidence presented at the trial was sufficient to support such a charge. We agree with defendant’s first contention only.
It is established New York case law that a defendant’s entitlement to a charge on a claimed defense is not defeated solely by reason of its inconsistency with some other defense raised or even with the defendant’s outright denial that he was involved in the crime (see, People v Padgett, 60 NY2d 142, 146; People v Steele, 26 NY2d 526, 529; cf., People v Asan, 22 NY2d 526, 532; People v Moran, 246 NY 100, 103). We per *749 ceive no reason why this general rule should not also apply to the affirmative defense of entrapment (see, People v Felder, 32 NY2d 747, affg 39 AD2d 373, 378; Mathews v United States, 485 US —, 108 S Ct 883, 885, 886; People v Demma, 523 F2d 981; cf., People v Perry, 61 NY2d 849; People v Lee, 35 NY2d 826).[1] Thus, we reject the rationale of the Appellate Division that defendant’s testimony that he did not make the first three sales "eliminate^] any justification for an entrapment charge” (131 AD2d, at 250).
We note, moreover, that the rule of the Federal courts, adopted by the court below, categorically precluding an entrapment charge when the defendant denies the crime (see, e.g., United States v Dorta, supra; United States v Rey, supra; United States v Mayo, supra; Sylvia v United States, supra), has recently been rejected by the Supreme Court in Mathews v United States (supra).[2] In Mathews, an employee of the Small Business Administration was charged with unlawfully accepting a gratuity when he borrowed money from a participant in the SBA program. The employee admitted receiving the money but denied any criminal intent, claiming that it was a personal loan from a friend and was unrelated to his SBA duties. He was convicted after the trial court refused to charge the affirmative defense of entrapment. The Supreme Court, however, reversed. The court held that "even if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury” could find in his favor (485 US, at —, 108 S Ct, at 886, supra). That standard, apparently based upon Federal common law (see, Stevenson v United States, 162 US 313 [Peckham, J.]), is the same as that which has been consistently applied by this court.
*750 When determining whether to give a charge on a claimed defense, the trial court must view the evidence in the light most favorable to the defendant. Upon defendant’s request, the court must instruct the jury on the defense if it is sufficiently supported by the evidence; failure to do so may constitute reversible error (see, People v Watts, 57 NY2d 299, 301; People v Steele, supra, at 529). Also, it is basic that a "jury may accept portions of the defense and prosecution evidence or either of them” (People v Asan, supra, at 530; see also, People v Henderson, 41 NY2d 233, 236). Therefore, inconsistency in claimed defenses or even between a defendant’s testimony and a defense "should not deprive defendant of the requested charge” if the charge would otherwise be warranted by the evidence (People v Padgett, supra, at 146; see also, People v Perry, supra, at 851; People v Steele, supra, at 529).
Hence, in People v Steele (supra), we held that the defendant, charged with assault, was entitled to an instruction on defense of a third person, despite his testimony that he was not even at the scene of the crime (see also, People v Padgett, supra; People v Huntley, 59 NY2d 868; People v Felder, supra). Similarly, in People v Perry (supra), we held that the defendant was entitled to a charge on intoxication, even though his claim of inebriation, negating the requisite criminal intent, was entirely inconsistent with his testimonial denial of the criminal conduct and his insistence that he was fully aware of his actions (accord, People v Lee, supra).
The critical question in those cases, as in the present one, was not whether the claimed defense was consistent with the defendant’s testimony or with other defenses raised, but whether that defense, viewed separately, was supported by the trial evidence. The rule is that the jury must be instructed on all claimed defenses which are supported by a reasonable view of the evidence — not by any view of the evidence, however artificial or irrational (see, People v Watts, 57 NY2d 299, 301, supra). It is on the application of this basic rule that there must be an affirmance here.
Because the record does not contain a sufficient basis for an entrapment charge on the first three sales, the trial court’s refusal to charge was proper. Penal Law § 40.05 requires a showing both that the proscribed conduct was "induced or encouraged” by official activity and that the defendant had no *751 predisposition to engage in such conduct (see, People v DeGina, 72 NY2d 768, 774-775 [decided today]). Under no reasonable view of the record could the jury find that both requirements were satisfied.
Obviously, defendant’s testimonial denial that the first three sales took place could not support a finding that he was "induced or encouraged” to make them. Furthermore, his testimony contained no reference at all to the three sales, much less an indication of how he was entrapped into making any particular one. Likewise, the testimony of the undercover police officers did not furnish the required proof that defendant had to be persuaded to sell the drugs or that he was not predisposed to do so. Their testimony not only failed to support defendant’s claim that he had been a reluctant seller who finally yielded, but affirmatively showed the very opposite: that he was willing and even eager to make the sales from the substantial inventory of drugs in his locker.
Finally, even selecting from the combined testimony of defendant and the People’s witnesses the proof which best supports defendant’s position, there would still be no rational basis on this record for the entrapment charge. Arguably, the fact finder could use the testimony of the undercover agents to supply the fundamental omission in defendant’s proof — that the three sales which he denied did, in fact, occur. The balance of their testimony, however, would have to be discarded, because it negates any suggestion that they did anything to urge or induce defendant to sell. Arguably, also, defendant’s testimony concerning the agents’ activities — if those activities were somehow related to the three sales or any particular one of them — might be sufficient to satisfy the inducement requirement of the entrapment defense. No matter how the record is cut and spliced, however, it simply contains no proof of a causal connection between those activities and any of the three sales. Defendant’s testimony concerning a general pattern of inducing activities unrelated to particular sales is not enough. Thus, a jury would have to speculate to conclude that the transactions which defendant totally disavows resulted from any specific inducing activities by the undercover agents. Entitlement to a charge on a claimed defense cannot rest on such contrivance and conjecture.
*752 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order affirmed.

. There is a fundamental distinction between an ordinary defense and an affirmative defense that should be taken into account in determining whether there was sufficient evidence at trial to raise the defense. Since the People have the burden of disproving an ordinary defense beyond a reasonable doubt, all that is required is evidence of the defense, which if credited, is sufficient to raise a reasonable doubt. In the case of the affirmative defense, however, this threshold requirement is more demanding since the burden is on the defendant to prove the defense by preponderance of the evidence.

. Indeed, in light of Mathews, the People no longer argue that defendant’s denial of the first three sales constituted an absolute bar to his receiving the charge as to them. It is evident, however, that Mathews is not precisely in point. Unlike defendant in this case, the defendant in Mathews did not deny the entire transaction, but only that he entertained the requisite criminal intent.