■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO ACOSTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered July 6, 1988, convicting him of criminal possession of a controlled substance in the second degree (four counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a rifle without a permit, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court did not err when it refused to charge the jury on the defense of entrapment. The evidence discloses that the defendant was predisposed toward selling cocaine to an undercover police officer, and that the police did not induce the defendant's conduct *(see,* Penal Law § 40.05; *People v Alwadish,* 67 NY2d 973, 974).

We also find that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Bracken, J. P., Brown, Kunzeman and Sullivan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY H. BOLDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Martin, J.), rendered January 4, 1985, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the court violated his due process rights in not holding a hearing to determine his competency, after his consistently incoherent statements made at a hearing during which he withdrew a previously entered plea of guilty. We disagree. The record shows that, while the defendant's attempts to make legal points showed some flaws of logic, there was no evidence of irrationality requiring a competency hearing.

We have examined the defendant's remaining contention and find it to be without merit. Mangano, P. J., Kunzeman, Kooper, Sullivan and O'Brien, JJ., concur.