■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ABDUL QUYYAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered December 14, 1987, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the police lacked probable cause for his arrest. The defendant negotiated the terms of a drug sale with an undercover police officer in a bar and they counted out the money to be exchanged. Thereafter, the undercover officer and the defendant entered a double parked car outside the bar. A back-up team that was aware a sale was imminent was monitoring an audio transmitter the undercover officer was wearing and heard the word "package" whereupon they approached the car, opened the doors and apprehended the defendant. While the transmitter was functioning poorly, and the back-up team could not see into the car, we nevertheless find that they had probable cause to believe that the drug sale was occurring (see, CPL 140.10 [1] [b]; *Gerstein v Pugh,* 420 US 103).

In addition, we find that the court properly declined to charge the jury on agency or entrapment as no reasonable view of the evidence supported those theories. Contrary to the defendant's contention, there was no evidence suggesting that the defendant was acting solely as an agent of the buyer with no independent desire to promote the transaction (see, *People v Argibay,* 45 NY2d 45, 50, 53-55, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930). Likewise, the evidence could permit no other realistic conclusion than that the defendant freely and actively promoted and participated in the drug transaction so as to make an entrapment charge inappropriate (see, *People v Alwadish,* 67 NY2d 973, 974; *People v Acosta,* 166 AD2d 452; *People v Ventura,* 108 AD2d 65, *affd* 66 NY2d 693). The defendant's preference for a Pakistani or other Moslem buyer was based upon his desire to avoid apprehension rather than the lack of a predisposition to sell the drugs. The use of an Arab undercover officer, after the defendant's preference became clear, merely afforded the defendant the opportunity to commit the offense (see, *People v Bradley,* 112 AD2d 441).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are unpreserved for

appellate review or without merit *(see, People v Mathis,* 150 AD2d 613; *People v Lugo,* 150 AD2d 502). Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.