■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO L. CARRILLO, Appellant. [594 NYS2d 902] —Levine, J. Appeal from a judgment of the County Court of Cortland County (Mullen, J.), rendered August 28, 1990, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was convicted of two counts of criminal sale of a controlled substance in the third degree arising from two sales of cocaine in August 1989 to a confidential police informant and an undercover police officer, both of which occurred in the City of Cortland, Cortland County. The informant, who was friendly with defendant, introduced the undercover officer to defendant on August 9, 1989 at a tavern in Cortland. On August 16, 1989, the undercover officer and informant went to a tavern in Cortland for the purpose of making undercover drug purchases. When asked to sell drugs to the undercover officer, defendant refused but readily agreed to sell to the informant. He gave the informant a matchbook containing an envelope of cocaine which was turned over to the undercover officer in his presence. Then the undercover officer gave $25 to the informant, who turned it over to defendant. Defendant placed the cash in his pocket. At trial, defendant admitted to this sale. The undercover officer returned to the tavern the following weekend and asked defendant if he had "anything"; defendant stated that he did not but would the next evening. The undercover officer returned the next evening, August 24, 1989, played pool with defendant and asked if he had "anything". Defendant said his friend did. The undercover officer put $50 on the pool table; defendant took the cash, left the tavern, returned approximately two minutes later and handed the undercover officer two baggies containing cocaine. Defendant denied that this transaction occurred. After a jury trial, defendant was convicted on both counts, and was sentenced as a second felony offender to two concurrent prison terms of 11 to 22 years. This appeal by defendant followed.

Defendant contends on appeal that he was denied his constitutional right to a speedy trial (see, CPL 30.20) and that County Court erred by denying his request for a charge to the jury on the entrapment defense (see, Penal Law § 25.00 [2]; § 40.05).

The record does not support defendant's claim that he was denied his constitutional right to a speedy trial (see, US Const

6th, 14th Amends; CPL 30.20). In resolving defendant's claim we apply the five factors enunciated in *People v Taranovich* (37 NY2d 442, 445), i.e., "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay". Notably, there was only a period of 10 months between defendant's arrest and his trial. Several months of this delay are attributable to motions in County Court and this Court by counsel assigned to represent defendant after the Public Defender withdrew from his defense because of a conflict of interest. The remainder of the delay appears to have been caused essentially by the ultimately successful effort by defendant's first-assigned counsel to be relieved from the assignment and the calendar demands on the Trial Judge, who also served as Surrogate and Family Court Judge. Although defendant was incarcerated for the entire period from his arrest to trial, the delay was not substantial and very little was attributable to the prosecution. Moreover, there is nothing in the record to support any inference that defendant suffered any prejudice. We conclude, balancing the *Taranovich* factors, that the delay did not violate his constitutional right to a speedy trial *(see, People v Watts,* 57 NY2d 299, 302-303; *People v Johnson,* 188 AD2d 749; *People v Wellington,* 151 AD2d 796, 797-798, *lv denied* 74 NY2d 853).

Alternatively, defendant contends that the elements of the defense of entrapment were established at trial, that there was no evidence of defendant's predisposition to sell cocaine and, therefore, that County Court erred by failing to charge the jury on that defense. In determining whether to give a charge on a claimed defense, the trial court must view the evidence in the light most favorable to the defendant, and must instruct the jury on the defense at the defendant's request if it is "sufficiently supported by the evidence" *(People v Butts,* 72 NY2d 746, 750). As an affirmative defense, defendant has the burden of establishing entrapment by a preponderance of the evidence (Penal Law § 25.00 [2]). To establish the defense of entrapment, defendant must demonstrate that (1) he was actively induced or encouraged to commit the offense by a public official, and (2) such encouragement or inducement created a "substantial risk" that the offense would be committed by defendant who was not otherwise disposed to commit it *(see,* Penal Law § 40.05; *People v Butts, supra).*

Here, defendant admitted that on several occasions prior to the charged sales he willingly exchanged cocaine with the confidential informant and others. This admission alone negates a lack of predisposition to commit the offense charged in the first count of the indictment, in which defendant gave cocaine to and received money from the informant. Defendant presented no other evidence suggesting a lack of predisposition to commit either of the sale crimes (see, People v Alwadish, 67 NY2d 973, 974). Further, he points to no evidence adduced at trial sufficiently supporting his claim that he was actively induced or encouraged to commit the offenses (see, People v Thompson, 47 NY2d 940, 941; see also, People v Butts, supra, at 750-751). Moreover, his denial of the second sale obviously could not support a finding that he was induced or encouraged to make that sale (see, People v Butts, supra, at 751). Because the record does not contain a reasonable view of the evidence sufficiently supporting the defense of entrapment (see, supra), County Court's refusal to charge that defense was proper.

Weiss, P. J., Mercure, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed.