■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRADY ROYAL, Appellant. [631 NYS2d 268] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). His contention that he was denied effective assistance of counsel is without merit. "[T]he evidence, the law, and the circumstances of [the] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147; *see, People v Russo,* 85 NY2d 872, 874; *People v Hobot,* 84 NY2d 1021; *People v Flores,* 84 NY2d 184).

The contention of defendant that County Court erred in instructing the jury regarding the agency defense is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

We reject the further contention of defendant, raised in his *pro se* supplemental brief, that the court erred in declining his request to charge entrapment to the jury; no reasonable view of the evidence supported that defense (*see, People v Butts,* 72 NY2d 746, 750; *People v Carrillo,* 191 AD2d 812, 814, *lv denied* 81 NY2d 1070; *People v Quyyam,* 172 AD2d 698, 699, *lv denied* 78 NY2d 1080).

Lastly, we conclude that defendant's remaining contention is without merit. (Appeal from Judgment of Chautauqua County Court, Ward, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Lawton, Wesley, Davis and Boehm, JJ.