OPINION OF THE COURT
Simons, J.
Family Court has adjudged respondent a juvenile delinquent because she committed acts which, if committed by an adult, would constitute assault in the second and third degrees and criminal possession of a weapon in the fourth degree. A divided Appellate Division reversed the order of disposition, denied the petition and dismissed the proceeding. The majority concluded that the People had failed to disprove respondent’s justification defense.
The question to be decided is the appropriate legal standard for the justified use of deadly physical force under Penal Law § 35.15 and its application to the facts of this case.
I
We are confronted at the outset by inconsistent findings of fact in the courts below. Under those circumstances, we must choose which findings more nearly comport with the evidence in the record. We adopt the findings of the Appellate Division. Those facts, with others that are undisputed, establish that on May 7, 1992, respondent, then age 13, was walking home with two friends when she was set upon by a group of 10 to 15 boys and girls from her school. While some in the group shouted threats, first one, then another, girl ran up behind respondent and hit her on the head. Her companions fled to a nearby subway station for safety but respondent, fearing that she might get trapped or thrown onto the subway tracks, decided to continue walking. As she did so, she noticed a kitchen knife on the sidewalk, picked it up and held it inside her jacket. At this point, another girl approached respondent from behind and hit her. Respondent turned toward the group and began fighting with complainant until the two girls fell or were pushed to the ground by the others. Complainant ended up on top of respondent and continued punching her in the head and *433 chest while others in the group cheered her on and kicked respondent’s body, head and face. Respondent estimated she was beaten in that way for five to eight minutes before she reached the point where she "couldn’t take it anymore.” While pinned on the ground, she removed the knife from her jacket and stabbed the complainant in the head and back. The fight continued until the police arrived and broke it up.
Family Court sustained three charges against respondent. Although it found that respondent was "assaulted * * * without provocation,” "was in fear” and "was terrified under the circumstances of the other girls attacking her”, the court rejected respondent’s justification defense, finding that respondent’s failure to retreat to the subway station was not "objectively reasonable”. The Appellate Division reversed. The case is before us because two Justices of that Court dissented on a question of law (see, CPLR 5601 [a]).
II
The defense of justification permits the use of force under certain circumstances (see, People v McManus, 67 NY2d 541, 545; People v Watts, 57 NY2d 299, 301). Generally, the force permitted is related to the degree of force reasonably believed necessary to repel various threats. Thus, one may use physical force upon another if "he reasonably believes such to be necessary to defend himself * * * from what he reasonably believes to be the use or imminent use of unlawful physical force by such other person” (Penal Law § 35.15 [1]) or he may use "deadly physical force” if "[h]e reasonably believes that such other person is using or about to use deadly physical force” against him (Penal Law § 35.15 [2] [a]). There is no duty to retreat before using physical force but one may not use deadly physical force "if he knows that he can with complete safety as to himself and others avoid the necessity of doing so by retreating” (id.). Deadly physical force is defined as force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury (Penal Law § 10.00 [11]). Justification is a defense, not an affirmative defense, and therefore the People bear the burden of disproving it beyond a reasonable doubt (see, Penal Law § 35.00; People v McManus, supra, at 546; People v Goetz, 68 NY2d 96, 116).
In People v Goetz (supra), we explained that the justification statute imposes a two-part test which involves both subjective and objective components. When a defendant claims the use of *434 force was justified, the fact finder must first determine if defendant believed physical force (or deadly physical force) was necessary to defend against the imminent use of physical force (or deadly physical force). That is the subjective component. If the People fail to disprove defendant believed physical force was necessary, the fact finder must next consider whether defendant’s belief was reasonable, that is, whether a reasonable person would have held that belief under the circumstances which existed. It is not enough that the defendant believed that the use of force was necessary under the circumstances; his reactions must be those of a reasonable person similarly confronted (see also, People v Collice, 41 NY2d 906). That is the objective component.
If the case involves the use of deadly physical force and the fact finder determines that the use of such force was subjectively and objectively reasonable under the circumstances, then the fact finder must determine whether defendant could retreat with safety. If a defendant confronted with deadly physical force knows retreat can be made with complete safety and fails to do so, the defense is lost.
Applying those rules to the facts found by the Appellate Division, respondent was initially confronted with physical force and chose to turn and face the aggressors to avoid further attacks. Under those circumstances, she was under no duty to retreat. She was the victim of an unprovoked attack and was justified in using physical force to meet the physical force used against her.
The Appellate Division found, however, that after respondent was thrown to the ground, the situation escalated. She was held down while complainant and others in the group punched and kicked her about her face, head and body, actions which warranted the use of deadly physical force by respondent to defend herself. Family Court’s decision was based upon its finding that respondent’s failure to retreat had not been reasonable. Her duty to retreat, however, did not arise until the point at which deadly physical force was used or imminent. At that point, when the kicking and punching started, the respondent was being held on the ground, surrounded by the 10 to 15 other members of the group and apparently without anyone in the area to help her. Manifestly, she was unable to retreat safely under those circumstances and her use of deadly physical force to defend herself was justified.
*435 Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine and Ciparick concur.
Order affirmed, without costs.