■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VASQUEZ, Appellant. [724 NYS2d 406] —Judgment, Supreme Court, New York County (Dora Irizarry, J.), rendered March 2, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant's request for an agency charge should have been granted, because a reasonable view of the evidence could support the inference that he was acting as an agent of the undercover officer (*see, People v Argibay*, 45 NY2d 45, 53-55, *cert denied sub nom. Hahn-DiGuiseppe v New York*, 439 US 930; *People v Lam Lek Chong*, 45 NY2d 64, 73, *cert denied* 439

US 935; *People v Roche*, 45 NY2d 78, 86, *cert denied* 439 US 958; *People v Butts*, 72 NY2d 746, 750). The People argue that the judgment should be affirmed because: the undercover officer and defendant were complete strangers; defendant revealed a relationship with the drug culture by recognizing "D" as a street name for heroin and offering to get the undercover the two glassine envelopes he had requested; and defendant also revealed a fear of apprehension by asking the undercover whether he was a cop. Were this all there was, the denial of an agency charge would have been proper (*see, People v Vasquez*, 253 AD2d 728; *People v Herring*, 83 NY2d 780, 783).

In this case, however, there is more. Defendant approached the undercover officer asking for a cigarette, and the officer gave him one. The officer then asked him to get drugs, giving the defendant $20. As defendant was about to leave to get the drugs, the officer asked him for security, and defendant gave him a pouch containing identification. Defendant did not hawk drugs or solicit customers. He did not tout the quality of the drugs or engage in any salesman-like behavior. The transaction proceeded at a leisurely pace. In addition, neither pre-recorded money nor drugs were found on defendant when he was almost immediately arrested. Under these circumstances, a jury could reasonably conclude defendant intended only to reciprocate the undercover officer's favor by obtaining the drugs he requested, and was acting as his agent. Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Wallach and Buckley, JJ.