■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY JAMES, Appellant. [825 NYS2d 465]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered August 10, 2004, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10 years, unanimously affirmed.

In this case where defendant claimed his encounter with a

cab driver was not a robbery but only a theft of services, the court properly declined to instruct the jury that the "property" element of robbery does not include theft of services. There was nothing in the testimony of the victim, or of either of the defendants, that would support a theory of forcible theft of services (*see People v Butts*, 72 NY2d 746, 750 [1988]). On the contrary, the sole prosecution theory was that defendant and his codefendant took cash from the driver's hands, and the court clearly and specifically instructed the jury that the People were required to establish a forcible taking of cash.

Even if we were to find that the court should have granted defendant's request for a specific instruction that to the extent evidence relating to the jointly tried codefendant tended to support defendant's defense, the jury could consider it for that purpose, we would find the error to be harmless in light of the overwhelming evidence of defendant's guilt. The victim gave a detailed account of a knifepoint robbery, and his testimony was extensively corroborated by evidence relating to defendant's conduct following the incident.

Although defendant joined in his codefendant's objection to a portion of the prosecutor's summation, that objection was on a different ground from the one defendant raises on appeal. Accordingly, his present claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Marlow, Williams, Catterson and Malone, JJ.