09-5318-pr
DeLeon v. Lempke

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of December, two thousand ten.

Present:
>JON O. NEWMAN,
>GUIDO CALABRESI,
>ROBERT A. KATZMANN,
>>*Circuit Judges*.

_____

JOSE DELEON,

>*Petitioner-Appellant*,

>>v.                                        No. 09-5318-pr

JOHN LEMPKE, Superintendent,
Five Points Correctional Facility,

>*Respondent-Appellee*.

_____

| | |
|---|---|
| For Petitioner-Appellant: | AMY I. DONNER, The Legal Aid Society, New York, N.Y. |
| For Respondent-Appellee: | LEONARD JOBLOVE (Victor Barall and Terry-Ann Llewellyn, *on the brief*), *for* Charles J. Hynes, District Attorney, Kings County, Brooklyn, N.Y. |

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Petitioner-Appellant Jose DeLeon was convicted following a jury trial in Supreme Court of the State of New York, Kings County, of manslaughter in the second degree and criminal possession of a weapon in the third degree. After exhausting his appeals in state court, DeLeon brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that the trial court's refusal to charge the jury on the defense of justification violated his due process rights to a fair trial and to present a defense. The district court denied his petition. On appeal, DeLeon argues that the district court erred in holding that the "only reasonable view of the evidence" was that DeLeon (1) was the initial aggressor in the gun battle, (2) was defending neither himself nor others when he drew and fired his gun, and (3) could have retreated safely. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* a district court's denial of a petition for a writ of habeas corpus, *Harris v. Kuhlman*, 346 F.3d 330, 342 (2d Cir. 2003), and its findings of fact for clear error, *Jenkins v. Artuz*, 294 F.3d 284, 290 (2d Cir. 2002). This Court must resolve three questions in evaluating a habeas corpus claim arising from a state court's refusal to give a requested justification charge: "First, was [the defendant] entitled to a justification charge? Second, if so, did the failure to give one result in a denial of due process? Third, if so, did the state court's contrary conclusion constitute an unreasonable application of clear Supreme Court law?" *Jackson v. Edwards*, 404 F.3d 612, 621 (2d Cir. 2005).

2

This Court's role "is not to interpret New York's law of justification, but to determine whether the evidence was sufficient to warrant a justification charge under that law." *Davis v. Strack*, 270 F.3d 111, 123 n.4 (2d Cir. 2001). New York Penal Law § 35.15 provides that the use of force is justified in the following circumstances:

> 1. A person may, subject to the provisions of subdivision two, use physical force upon another when and to the extent he reasonably believes such to be necessary to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by such other person . . . .

> 2. A person may not use deadly physical force upon another person under circumstances specified in subdivision one unless:

> > (a) He reasonably believes that such other person is using or about to use deadly physical force. Even in such case, however, the actor may not use deadly physical force if he knows that he can with complete safety as to himself and others avoid the necessity of so doing by retreating . . . .

N.Y. PENAL LAW § 35.15 (McKinney 1997). The term "deadly physical force" is defined as "physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." *Id.* § 10.00(11).

A justification charge is warranted "if on any reasonable view of the evidence, the fact finder might have decided that defendant's actions were justified." *People v. Padgett*, 60 N.Y.2d 142, 145 (1983); *see also Davis*, 270 F.3d at 124. In determining whether the evidence warrants a justification charge, the reviewing court must view the record in the light most favorable to the defendant. *See People v. McManus*, 67 N.Y.2d 541, 549 (1986). "The rule is that the jury must be instructed on all claimed defenses which are supported by a *reasonable view* of the evidence – not by any view of the evidence, however artificial or irrational." *People v. Butts*, 72 N.Y.2d 746, 750 (1988) (emphasis in original).

3

The leading New York cases construing the justification defense, *see Matter of Y.K.*, 87 N.Y.2d 430 (N.Y. 1996); *People v. Goetz*, 68 N.Y.2d 96 (1986), set forth a two-part test: The fact-finder must determine (1) that the defendant believed deadly physical force was necessary and (2) a reasonable person would have believed the use of deadly physical force was necessary in the same circumstances. *See Y.K.*, 87 N.Y.2d at 433-34; *Goetz*, 68 N.Y.2d at 114-15. Where a defendant who is confronted with deadly physical force "knows he can retreat with complete safety but fails to do so, the justification defense is lost." *Jackson*, 404 F.3d at 623 (citing *Y.K.*, 87 N.Y.2d at 434; N.Y. PENAL LAW § 35.15(2)(a)). Moreover, a defendant who is the initial aggressor cannot claim the justification defense. *See, e.g.*, *People v. Holden*, 260 A.D.2d 233, 234 (1st Dep't 1999).

Having carefully reviewed the record in the light most favorable to DeLeon, we conclude that no reasonable view of the evidence supported a justification charge. The district court did not err in concluding that (1) the only reasonable inference from the record is that DeLeon had his gun drawn first, (2) there was no evidence that he fired his gun in self-defense or in defense of another, and (3) the record did not permit the inference that DeLeon was unable to escape safely. *DeLeon v. Lempke*, No. 09 Civ. 2310 (BMC), 2009 WL 4498006, at *2-3 (E.D.N.Y. Dec. 2, 2009). Accordingly, DeLeon's contention that the trial court's denial of his request for a justification charge violated his due process rights is without merit.

We have considered DeLeon's remaining arguments and find them to be unavailing. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK