People v Stroud (2021 NY Slip Op 00375)





People v Stroud


2021 NY Slip Op 00375


Decided on January 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

Before: Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ. 


Ind No. 1674/17 Appeal No. 12932 Case No. 2019-4553 

[*1]The People of the State of New York, Respondent,
v
Nysia Stroud, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Christopher P. Marinelli of counsel), for respondent.



Judgment, New York County (Ruth Pickholz, J.), rendered June 26, 2018, as amended June 27, 2018, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree (two counts) and official misconduct (four counts), and sentencing her to an aggregate term of eight years, unanimously affirmed.
Defendant was convicted of several charges stemming from the delivery of large quantities of cocaine and marihuana for side cash, which turned out to be an undercover sting operation. In this appeal, defendant argues, inter alia, that she proved her statutory and due process entrapment defense as a matter of law based primarily upon her own testimony, as well as the People's evidence. Alternatively, defendant argues that the court erred in denying her request at the close of the People's case for a jury charge on the entrapment defense. Defendant argues that the court's erroneous decision compelled her to testify at trial, and that this Court should therefore order a new trial. Defendant also alleges that her convictions were marred by other errors at trial relating to her entrapment defense.
Defendant did not preserve her claim that she proved as a matter of law that she was entrapped into transporting drugs, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including those related to defendant's testimony in support of her entrapment claim.
Entrapment, an affirmative defense, requires a defendant to prove by a preponderance of the evidence that she engaged in the proscribed conduct because a public servant actively induced or encouraged her to do so, and that this inducement created a substantial risk that the defendant would commit the crime although not otherwise disposed to do so (see Penal Law § 40.05; People v Brown, 82 NY2d 869, 871-872 [1993]). We find that an undercover officer did not pressure or actively induce defendant to commit a crime, but simply asked defendant if she wanted to make money by assisting her with drug deliveries, and defendant readily agreed. Defendant herself initiated the fourth delivery by sending a text message to the undercover officer, and several times explained that she needed the money to pay bills. While defendant argues that the officer applied undue pressure emotionally, by developing a romantic relationship to lure defendant into criminal activity, this did not constitute the type of active inducement necessary for entrapment, because the officer merely afforded defendant the opportunity to commit crimes (see People v Blunt, 110 AD3d 635, 636 [1st Dept 2013], lv denied 22 NY3d 1087 [2014]). Furthermore, the evidence failed to prove that defendant was not predisposed to possessing drugs, where defendant immediately [*2]agreed to deliver drugs each time the officer asked, and was never reluctant to engage in criminal activity (see People v Butts, 72 NY2d 746, 750-751 [1988]). Although defendant, who was a police officer herself, revealed her status to the undercover officer and expressed concerns about being caught, defendant needed no persuasion to engage in criminal activity. The evidence warrants the conclusion that defendant transported drugs to make money, and not merely to help a person to whom she was romantically attracted.
Defendant did not preserve her claims that the investigators violated her due process rights (see People v Isaacson, 44 NY2d 511, 521-522 [1978]) and that she was entrapped into committing drug crimes of a higher degree than she was predisposed to commit, as well as her challenges to the court's jury instructions on entrapment and accessorial liability, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
Defendant's argument concerning the timing of the court's decision to charge the jury on entrapment is unavailing. Defendant asserts that the court should have granted this request at the close of the People's case, and that doing so would have made it unnecessary for defendant to testify. However, a reasonable view of the People's evidence, viewed most favorably to defendant, failed to support an entrapment defense (see Butts, 72 NY2d at 750). In any event, defendant has not established any prejudice. While the court at the close of the defense case did decide to instruct the jury on the entrapment defense, such decision was based primarily on defendant's testimony that essentially claimed that she truly had no interest in transporting drugs but consented to do it because of a desperate desire to spend time with the undercover. However, as in any case, the jury was free to reject defendant's testimony purporting to support an entrapment defense.
The court providently exercised its discretion in admitting testimony about a prior incident in which defendant was present when the police executed a search warrant and recovered drugs at her aunt's apartment. This evidence was highly probative to explain how defendant, a police officer, became the target of an undercover drug operation, and to prevent unfair speculation by the jury in that regard (see People v Morris, 21 NY3d 588 [2013]). The probative value of the evidence outweighed any prejudicial effect.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2021