People v Richard (2021 NY Slip Op 02500)





People v Richard


2021 NY Slip Op 02500


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Ind No. 925/16 Appeal No. 13677 Case No. 2019-5664 

[*1]The People of the State of New York, Respondent,
v
Anthony Richard, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered April 28, 2017, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of eight years, unanimously affirmed.
Defendant was not entitled to a deadly force justification instruction based on his 911 call after the assault and other out-of-court statements in which he asserted, in substance, that he had disarmed a knife-wielding attacker. In his trial testimony, defendant expressly testified that these statements, which were introduced during the People's case, were untrue, and he unequivocally testified that neither he nor the victim had a knife. We do not reject defendant's claim of entitlement to an instruction on deadly physical force justification merely because it rests on evidence that is inconsistent with his trial testimony (see People v Butts, 72 NY2d 746, 748 [1988]). Instead, on the particular facts of this case, there is no reasonable view of the evidence, viewed most favorably to defendant, under which the jury could have found that he faced the use of deadly physical force. Only an "artificial or irrational" view of the evidence (id. at 750) would have permitted the jury to find justification for the use of deadly force based only on the statements at issue, which defendant conceded to be false (see id. at 751).
Defendant did not preserve his claim that he was entitled to an instruction on ordinary force justification. There is nothing in the charge colloquy that would constitute an express request for that particular instruction (see People v Borrello, 52 NY2d 952 [1981]), or an express ruling by the court on the appropriateness of such an instruction, and we decline to review this claim in in the interest of justice. As an alternative holding, we find that there was no reasonable view of the evidence, viewed most favorably to defendant, that he used less than deadly physical force (see People v Vega, 33 NY3d 1002, 1005 [2019]).
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The element of serious physical injury was satisfied by evidence demonstrating that the more than three-inch, readily visible scar on the victim's neck constituted serious disfigurement (see People v McKinnon, 15 NY3d 311, 315-16 [2010]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2021